Simpson, J., dissenting: I must dissent from the opinion of the majority. If the proper test for deciding this case is whether the fair market value of the right to the future payments can be ascertained with reasonable certainty, I would have no quarrel with the decision, but I believe that a different test should be applied. It is time for us to revisit Burnet v. Logan, 283 U.S. 404 (1931), and look carefully at the premises upon which that decision was based. In that case, the taxpayer was the seller of stock for which she received some cash and a right to future payments based on the amount of coal mined. The Court had to decide when the gain, if any, on this sale was to be reported. The Commissioner argued that a value of the right to future payments should be predicted, and that amount should be treated as received in the year of the sale. However, because of the uncertainty as to whether the seller would receive a return of her basis or how much gain, if any, she would realize, the Court concluded that the tax should ,not be imposed until she received payments in excess of her basis. For the years involved in the Logan case, capital gains were not treated differently than other types of income. Thus, the only question before the Court was one of timing — when should the income be reported. The Court merely held that when there is no necessity for predicting a value of a right to future payments, the transaction will not be closed and the gain will not be measured if the fair market value of the right cannot be ascertained with reasonable certainty. In view of the intervening development of the different method for taxing capital gains, there is a need for determining a value in the situation before us. If the transaction is closed in 1954 and the value of the right to future payments is computed as of that time, such value, to the extent it exceeds the taxpayers’ basis, will be treated as a capital gain; such value then becomes the taxpayers’ basis in the right to future payments, and if such, payments turn out to be more than the anticipated value, the excess will be treated as ordinary income. Hence, the issue before us is more than one of merely determining when the income is to be reported. The decision also affects the amount to be treated as capital gains and the amount to be reported as ordinary income. Under the decision of the majority, the entire receipts are treated as capital gains; whereas if the 1954 value is determined, the excess is treated as ordinary income. The issue before us is like the estate tax question in the Logan situation. Mrs. Logan inherited some of her rights, and for estate tax purposes, the value of those rights had been determined. Although that issue was not before the Court, it recognized that for estate tax purposes, there was a necessity for determining a value of the rights and implicitly approved of doing so when necessary. Just as there was a necessity to determine a value of the rights inherited by Mrs. Logan in order to determine the proper estate tax attributable to them, so there is a similar necessity for determining the value of the rights, distributed to the shareholders in the situation before us. An attempt should be made to find the 1954 value of those rights, and that amount should be treated as a distribution at that time. Although any value so determined may be arguable, it is better to place some value on the rights than to treat the entire amounts received as capital gains. At least, placing a 1954 value on the rights achieves some allocation of the income between capital gains and ordinary income. In the years that have passed since the Loga/n decision, there have been many cases decided on the basis of whether the rights to future income had an ascertainable fair market value. However, some courts have recognized that there was no capital gains tax for the years involved in the Logan decision (John W. Chamberlin, 32 T.C. 1098 (1959)) and that the existence of such a tax is a reason for finding a value of rights to future income. Chamberlin v. Commissioner, 286 F. 2d 850 (C.A. 7, 1960). Such reason may have encouraged other courts to conclude that the rights had an ascertainable value. Yet, rather than strain to find that the fair market value of rights to future income can be ascertained with reasonable certainty, it seems preferable to me to recognize that the Logan test is not to be applied in situations like the case before us. I would continue to apply Logan when only a question of timing is involved, or when the income is all of the same type, whether received now or in the future, but I would not apply it in the case bef ore us. Naum and Withey, agree with this dissenting opinion.